**TARTER KRINSKY & DROGIN LLP**            **Hearing Date and Time:**
*Attorneys for 100 Orchard Street*            June 29, 2023, at 10:00 a.m.
*dba Blue Moon Hotel*            **Objection Deadline:**
*Debtor and Debtor-in-Possession*            June 22, 2023 at 5:00 p.m.
1350 Broadway, 11th Fl.
New York, NY 10018
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Scott Markowitz, Esq. (smarkowitz@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>100 ORCHARD ST. LLC<br>D/B/A BLUE MOON HOTEL,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 22-10358 (DSJ) |

**NOTICE OF DEBTOR'S MOTION TO ESTIMATE PROOF OF CLAIM**
**NO. 10-1 FILED BY ELIYAHU IDI AND BLUE MOON HOTEL NYC**
**INC., PURSUANT TO § 502(c) OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 3018(a)**

**PLEASE TAKE NOTICE,** that a hearing will be held on **June 29, 2023, at 10:00 a.m.** (the **"Hearing"**), before the Honorable David S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, NY or as soon thereafter as counsel may be heard, to consider the motion by 100 Orchard Street LLC d/b/a Blue Moon Hotel, debtor and debtor-in-possession (the **"Debtor"**), for an order estimating Claim No. 10-1 filed by Eliyahu Idi and Blue Moon Hotel NYC Inc. for plan voting purposes, pursuant to § 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a) (the **"Motion"**);

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, be filed by **June 22, 2023 at 5:00 p.m.** (Prevailing Eastern Time) (the **"Objection Deadline"**), and shall be served on (a) counsel to the Debtor, Tarter Krinsky & Drogin, LLP, 1350

Broadway, New York, New York 10018 Attn: David H. Wander, Esq., dwander@tarterkrinsky.com; and (b) Mark Bruh, Esq., Office of the U.S. Trustee, Southern District of New York, 201 Varick Street, Room 1006, New York, NY 10014-7016, so as to be received by the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE**, that all parties can attend the Hearing via Zoom for Government. Those wishing to appear before the Court at the Hearing must register their appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than June 28, 2023 at 10:00 a.m. (Prevailing Eastern Time).

**[REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

**PLEASE TAKE FURTHER NOTICE,** that if no objection to the Motion is timely filed and served, the Debtor may submit to the Court an order substantially in the form of the proposed order annexed to the Motion, along with a certificate of "no objection," then the Court may enter the proposed order without further notice or opportunity to be heard.

Dated: New York, New York
 June 2, 2023

**TARTER KRINSKY & DROGIN LLP**

By: /s/ David H. Wander
 David H. Wander, Esq.
 Scott Markowitz, Esq.
 Alexander R. Tiktin, Esq.
1350 Broadway
New York, NY 10018
(212) 216- 8000
dwander@tarterkrinsky.com
smarkowitz@tarterkrinsky.com
atiktin@tarterkrinsky.com
*Attorneys for the Debtor*
*and Debtor-in-Possession*

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for 100 Orchard Street LLC*
*dba Blue Moon Hotel*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Fl.
New York, NY 10018
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Scott Markowitz, Esq. (smarkowitz@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)

**Hearing Date and Time**
June 29, 2023 at 10:00 a.m.
**Objection Deadline:**
June 22, 2023 at 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>100 ORCHARD ST. LLC<br>D/B/A BLUE MOON HOTEL,<br><br>                       Debtor. | Chapter 11<br><br>Case No. 22-10358 (DSJ) |

**DEBTOR'S MOTION TO ESTIMATE PROOF OF CLAIM NO.
10-1 FILED BY ELIYAHU IDI AND BLUE MOON HOTEL
NYC INC., PURSUANT TO § 502(c) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 3018(a)**

100 Orchard St. LLC, debtor and debtor-in-possession (the **"Debtor"**), by its attorneys, submits this motion to estimate Claim No. 10-1 filed by Eliyahu Idi and Blue Moon Hotel NYC Inc., pursuant to § 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).

**PRELIMINARY STATEMENT**

1. Claim No. 10-1 (the **"Idi Claim"**) filed by Eliyahu Idi and Blue Moon Hotel NYC Inc. (together **"Claimant"**), as a secured claim in the amount of $2,298,458.94, has no merit and should be estimated at $0.00 for plan voting purposes. The Idi Claim is based upon the Debtor's alleged breach of contract pre-petition. However, Claimant materially breached every contractual agreement it had with the Debtor: (i) its Lease for the Debtor's hotel; (ii) the settlement agreement in Landlord-Tenant court after the Claimant was in default of the Lease; and (iii) the Memorandum Agreement after the Claimant defaulted under that settlement agreement. Because the Claimant materially breached these agreements, Claimant has no basis for asserting damages based upon the

Debtor's alleged breach of the Memorandum Agreement.[1]

2. Based upon Claimant's breaches of its agreements with the Debtor, the Debtor filed an objection to the Claim, along with counterclaims in excess of $1 million. (*See* Adv. Proc. No. 23-01006).

3. A bankruptcy court has a right and duty to estimate claims at $0.00 for plan voting purposes if no legal basis for the claim exists against the debtor. That is the situation now before the Court regarding the Idi Claim. It has no legal basis and should be estimated at zero.

## BACKGROUND

4. On March 23, 2022 ("**Petition Date**"), the Debtor filed a chapter 11 petition for reorganization. After the Petition Date, the Debtor has continued in possession of its property and the operation of its business.

5. The Debtor owns and operates a 22-unit hotel known as the *Blue Moon Hotel* located at 100 Orchard Street, New York, NY 10002 (the "**Hotel**").

6. On December 15, 2022, the Debtor filed a proposed Plan for Reorganization and related and Disclosure Statement.[2]

7. The relevant facts are set forth in detail in the Debtor's complaint in Adversary Proceeding No. 23-01006, and the Debtor incorporates by reference those facts herein. In sum, prior to the Memorandum Agreement, which contemplated the negotiation of full contract of sale for the Hotel, Idi leased the Hotel and operated a hostel on the premises. In or around 2018, Idi defaulted on his rent obligations and, pursuant to the terms of a settlement in Landlord-Tenant court, Idi was required to pay $400,000. Thereafter, Idi defaulted on the Settlement Agreement and threatened that, unless the Debtor entered the Memorandum Agreement, Idi would default on

---

[1] Claimant also has no basis for asserting "secured" status for the Idi Claim.

[2] The Debtor will be filing an amended Plan of Reorganization on June 5, 2023.

2

his rent payments, which was to be paid directly to the Debtor's mortgagee. Under threat of non-payment and foreclosure, the principal of the Debtor, Mr. Settenbrino, agreed to the Memorandum Agreement.

## RELIEF REQUESTED

8. The Debtor seeks an order estimating the Idi Claim at $0.00 for voting purposes, pursuant to § 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).

9. Under § 502(c) of the Bankruptcy Code, this Court has the authority to estimate "for purposes of allowance under this section any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of this case." 11 U.S.C. § 502(c).

10. Claims estimation is proper when fixing a contingent or unliquidated claim facilitates a quick and efficient reorganization. *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) (claims estimation "provides a means for a bankruptcy court to achieve reorganization, and/or distribution on claims, without awaiting the results of legal proceedings that could take a very long time to determine").

11. "[N]either the Code nor the Rules prescribes any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court." *Id.* at 424; *see also In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996).

12. "An estimate necessarily implies no certainty; it is not a finding or a fixing of an exact amount. It is merely the court's best estimate for the purpose of permitting the case to go forward and thus not unduly delaying the matter." *In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 521 (Bankr. E.D.N.Y. 1994) (citing *In re Nova Real Estate Inv. Trust*, 23 B.R. 62, 66 (Bankr. E.D. Va. 1982)).

13. Estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim[.]" *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 135 (3d Cir. 1982). In the

3

Southern District of New York, courts frequently estimate claims "based on the probability of the success of various potential outcomes if decided on the merits." *In re Chemtura*, 448 B.R. at 650 (citations omitted); *see also In re Thomson McKinnon Secs., Inc.*, 191 B.R. 976, 989–90 (Bankr. S.D.N.Y. 1996).

14. Such procedural flexibility allows courts to expediently estimate claims, often engaging in "a mere review of pleadings, briefs, and a one-day hearing involving oral argument of counsel." *In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994) (citation omitted); *see also In re Lane*, 68 B.R. 609, 613 (Bankr. D. Haw. 1986) (estimating claims after "review[ing] the numerous pleadings and briefs of the debtor and [the creditors]").

15. A bankruptcy court has a right and duty to estimate claims at $0.00 for voting purposes if no legal basis for the claim exists against the debtor. *In re Granite Broad. Corp.*, 385 B.R. 41, 49 (S.D.N.Y. 2008) (quoting *In re Chateaugay Corp.*, 111 B.R. 67, 76–77 (Bankr. S.D.N.Y. 1990)).

**Claimant's Breach of the Memorandum Agreement Undercuts the Idi Claim**

16. The Idi Claim should be estimated at zero dollars ($0.00) because Idi breached the Memorandum Agreement:

    (a)    by failing to negotiate in good faith;

    (b)    by failing to take any action to have a contract of sale executed by October 31, 2019;

    (c)    by failing to pay an initial deposit of $500,000 on or before October 31, 2019;

    (d)    by failing to pay the required deposit of $250,000 on or before November 1, 2019;

    (e)    by failing to pay the required deposit of $250,000 on or before December 1, 2019;

    (f)    by failing to pay all expenses of the building, including the mortgage and real estate taxes, as required by the Memorandum Agreement;

(g) by failing to cure or pay the outstanding building code violations; and

(h) by failing to make all the rent payments in 2019 after the Memorandum Agreement was executed.

Notably, Claimant's counsel failed to respond to the draft contract sent by the Debtor to Idi's counsel in October of 2019, nor did he propose another contract of sale.

17. Under New York law, a party's performance under a contract is excused where the other party has committed a material breach. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) (citing *Hadden v. Consol. Edison Co. of New York*, 34 N.Y.2d 88, 96, 312 N.E.2d 445, 449 (1974)); *Vision Ent. Worldwide, LLC v. Mary Jane Prods., Inc.*, No. 13 CIV. 4215 AT, 2014 WL 5369776, at *9 (S.D.N.Y. Oct. 17, 2014); *In re Food Mgmt. Grp., LLC*, 372 B.R. 171, 200 (Bankr. S.D.N.Y. 2007).

**The Memorandum Agreement is Illusory and Unenforceable**

18. The Memorandum Agreement, which forms the basis for the Idi Claim, was not supported by any consideration and is unenforceable as an illusory contract. *Zigler v. Featherstone Foods, Inc.*, No. 20CV2462 (DLC), 2021 WL 149259, at *3 (S.D.N.Y. Jan. 15, 2021) (citing *Curtis Properties Corp. v. Greif Companies*, 212 A.D.2d 259, 265, 628 N.Y.S.2d 628, 632 (1995)).

19. Various provisions of the Memorandum Agreement effectively removed all obligations for Idi or Blue Moon. For example, one provision provided that if the parties did not close, then all monies paid by Idi would be returned:

> In the event the parties fail to close, then all monies deposited by Buyer shall be returned to Buyer by Seller, and all agreements, notes, and stipulations, etc. between the parties shall be deemed null and void.

Another provision provided that if the parties failed to consummate a contract of sale, then Idi would be released from liability:

> In addition, if the parties fail to come to a formal agreement, the lease is voided and Tenant and Buyer may walk away from the Property, and Seller shall release them from any and all liability

under the lease or this Agreement.

20. In sum and substance, these provisions provide that, if Idi fails to pay amounts due under the Memorandum Agreement, (i) all monies previously paid by Idi to the Debtor must be returned to Idi; (ii) the Memorandum Agreement would be rendered null and void; and (iii) Idi would be released from liability under the Lease.

21. Thus, any attempt by Idi to enforce the Memorandum Agreement will fail because the agreement lacks mutuality of obligations. *Saul v. Cahan*, 45 Misc. 3d 1214(A), at *6 (N.Y. Sup. 2014), *aff'd*, 153 A.D.3d 947, 61 N.Y.S.3d 265 (2017) (holding agreement unenforceable because party to agreement had no obligation); *Du Bois Concrete Prods. Corp. v. Country Estates of Flower Hill, Inc.*, 156 N.Y.S.2d 309, 310 (N.Y. Sup. Ct. 1956) (purchase agreement voided where practical effect of its terms would relieve seller of its obligation to perform for any reason it chose to advance).[3]

22. Because the Idi Claim should be expunged, and considering the Debtor's counterclaims, this Court should value this claim at zero for purposes of voting on the Plan or any amended plan.

**Proposed Order**

23. A proposed Order granting this motion and the relief requested herein is annexed as **Exhibit A**.

---

[3] For example, in *SPG Capital Partners LLC v. Cascade,* a real estate investor and a developer executed a term sheet which stated that the investor was to be the sole provider of financing for the developer. *SPG Cap. Partners LLC v. Cascade 553 LLC*, 180 N.Y.S.3d 524, 1 (N.Y. Sup. Ct. 2023). However, the investor repeatedly failed to provide the loan documents, was unable to fund the loan, and did not appear for a scheduled closing. *Id.* at 2. The developer subsequently breached the parties' agreement and sought financing elsewhere. *Id.* Nonetheless, the court held that the developer was not in breach of the agreement, because the investor's obligations were illusory, and "virtually all the obligations in the term sheet" were imposed on the developer. *Id.* at 6–7. Similarly, here, the Memorandum Agreement does not impose any real obligations on Idi, because virtually all defaults by Idi are excused, or in the case of Idi's failure to execute a "formal agreement," rewarded with waiver of liability that otherwise would exist under the Lease or the Settlement Agreement.

**Notice**

24. Notice of this Motion will be given by first class mail to: (a) the U.S. Trustee; (b) Idi's counsel; (c) counsel for the Debtor's pre-petition lender; (d) each entity that filed a notice of appearance in this case; and (e) the creditors listed in the Petition. The Debtor submits that such notice is good and sufficient notice.

**No Previous Request**

25. No previous application or other request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the Motion for which no previous request has been made, and grant such other or further relief as the Court deems just and proper.

Dated: New York, New York
        June 2, 2023

**TARTER KRINSKY & DROGIN LLP**

By: /s/ David H. Wander
    David H. Wander
    Scott Markowitz
    Alexander R. Tiktin
1350 Broadway
New York, NY 10018
212-216-8000
dwander@tarterkrinsky.com
atiktin@tarterkrinsky.com
*Attorneys for the Debtor and Debtor-in-Possession*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>100 ORCHARD ST. LLC<br>D/B/A BLUE MOON HOTEL,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 22-10358 (DSJ) |

**ORDER GRANTING DEBTOR'S MOTION TO ESTIMATE PROOF
OF CLAIM NO. 10-1 BY ELIYAHU IDI AND BLUE MOON HOTEL
NYC INC., PURSUANT TO § 502(c) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3018(a)**

      Upon the motion dated June 2, 2023 of 100 Orchard St. LLC d/b/a Blue Moon Hotel, debtor and debtor-in-possession (the **"Debtor"**), to estimate Proof of Claim No. 10-1 filed by Eliyahu Idi and Blue Moon Hotel NYC Inc. at $0.00 for voting purposes in connection with the plan of reorganization filed by the Debtor, as amended, pursuant to § 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a) (the **"Motion"**); and it appearing that good and sufficient notice of the Motion has been given; and upon all papers filed in connection with the Motion; and after due deliberation and sufficient cause appearing therefore, it is

      **ORDERED**, that the Motion is hereby granted; and it is further

      **ORDERED**, that Proof of Claim No. 10-1 filed by Eliyahu Idi and Blue Moon Hotel NYC Inc. is hereby estimated at zero dollars ($0.00) for voting purposes.

Dated: New York, New York
       June __, 2023

                                                              **HONORABLE DAVID S. JONES**
                                                              **UNITED STATES BANKRUPTCY JUDGE**